Filed 6/10/15  P. v. Willis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076549 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F03841, 13F07926) |
| v. | |
| CORNELL WYLE WILLIS, | |
| Defendant and Appellant. | |

Defendant Cornell Wyle Willis pleaded no contest to unlawful possession for sale of a controlled substance, methamphetamine, admitted a prior strike, and was sentenced to four years in state prison.  Prior to entry of his plea, defendant filed a *Pitchess*[1] motion seeking discovery of law enforcement personnel records.  After an in camera examination of the *Pitchess* materials, the trial court denied the motion.

---

[1]  *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

1

On appeal, defendant requests this court to review the sealed transcript of the *Pitchess* hearing to determine if the trial court properly denied his *Pitchess* motion. Having done so, we will affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

The parties stipulated to the following factual basis for defendant's no contest plea:

"Sacramento police officers went to the defendant's home, which he shared with his brother. The [d]efendant consented to a search of his bedroom. [¶] In the defendant's bedroom, the officers located two plastic baggies containing 11.82 grams of methamphetamine. There was also a box of baggies that were similar to the baggies the methamphetamine was contained in. There was a digital scale, calculators, and a working stun gun. [¶] The defendant admitted that he does sell meth and that he had been doing it for approximately six months."

Defendant was charged by felony complaint, deemed the information, with unlawful possession for sale of a controlled substance, methamphetamine. (Health & Saf. Code, § 11378.) The information alleged defendant suffered a prior serious felony conviction (Pen. Code, § 1192.7, subd. (c))[2], a strike within the meaning of sections 667, subdivisions (b) through (i), and 1170.12.

Defendant filed a *Pitchess* motion seeking discovery of law enforcement personnel records. The court determined defendant had established good cause for an in camera review. After conducting an in camera examination of the *Pitchess* materials, the trial court denied defendant's motion.

Next, defendant filed a motion to suppress evidence. (§ 1538.5.) While the motion to suppress was pending, the district attorney filed an amended information

---

[2]  Further undesignated statutory references are to the Penal Code.

adding allegations that defendant suffered a second prior conviction within the meaning of Health and Safety Code section 11370.2, subdivision (c), and served a prior prison term within the meaning of section 667.5, subdivision (b).

Defendant pleaded no contest to unlawful possession for sale of a controlled substance, methamphetamine (Health & Saf. Code, § 11378) and admitted the prior strike (§§ 667, 1170.12) in exchange for a stipulated sentence of four years in state prison. The motion to suppress was withdrawn.

The trial court sentenced defendant to the middle term of two years, doubled pursuant to the strike, for an aggregate term of four years in state prison. The remaining charges and another pending case (No. 13F07926) were dismissed in the interest of justice.

Defendant filed two timely notices of appeal. The first, filed by defendant in pro per on May 27, 2014, was based on the sentence or matters occurring after entry of the plea; denial of the motion to suppress evidence; and ineffective assistance of counsel. The trial court denied defendant's request for a certificate of probable cause. The second, filed by counsel on behalf of defendant on May 28, 2014, seeks relief for the trial court's denial of his request to strike his prior strike. The trial court granted defendant's request for a certificate of probable cause.

## DISCUSSION

Prior to entry of his plea, defendant filed a *Pitchess* motion seeking discovery of the law enforcement personnel records of Officers MacAulay and Shippen relating to illegal arrests, forced confessions, acts of unnecessary or excessive force, falsification of evidence or testimony, discrimination on the basis of race, national origin, religion,

3

gender, or sexual orientation, unlawful searches and seizures, and "other alleged acts involving moral turpitude," as well as any and all *Brady*[3] material.

The trial court conducted an in camera examination of the records related to "[i]llegal arrests, falsification of evidence or testimony, discrimination . . . on the basis of race, and unlawful search and seizure." Following that examination, the court informed defendant as follows: "The Court has reviewed summaries and/or documents that potentially could be responsive to the defense motion, did not find any such complaints or evidence that would fall within the scope as we have described."

Defendant asks this court to conduct an independent review of the sealed records of the trial court's hearing on his *Pitchess* motion. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1229; *People v. Rodriguez* (2011) 193 Cal.App.4th 360, 366.) He argues appellate review of a *Pitchess* motion following a guilty plea is proper where, as here, the motion seeks information related to the legality of a search. (*People v. Hobbs* (1994) 7 Cal.4th 948, 955-956; *People v. Collins* (2004) 115 Cal.App.4th 137, 148-151.) The People do not oppose the request.

We will not disturb a trial court's ruling on a *Pitchess* motion absent an abuse of discretion. (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1039.) Having reviewed the *Pitchess* record, we find no procedural or substantive error in the trial court's handling of the motion or in its ruling. (See *People v. Myles* (2012) 53 Cal.4th 1181, 1208-1209.)

---

[3] *Brady v. Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215] (*Brady*).

## DISPOSITION

The judgment is affirmed.

                                                             RENNER                    , J.


We concur:


 RAYE                    , P. J.


 BUTZ                    , J.